UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **Brittany Kirkpatrick and Quentin Paul** | * | Civil Action No. 6:20-cv-01612 |
| **Greene, individually and on behalf of** | * | |
| **the minor child, K.G.** | * | |
| *Plaintiffs* | * | Judge Michael J. Juneau |
| | * | |
| vs. | * | Magistrate Patrick J. Hanna |
| | * | |
| **Lafayette Parish School Board, Youngsville** | * | |
| **Middle School, and Anna Ellington, individually** | * | |
| **and on behalf of the minor child, G.E.** | * | |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

**NOW INTO COURT,** through undersigned counsel, come Defendants, Lafayette Parish School Board and Youngsville Middle School (hereinafter referred to as "School Board"),[1] who respectfully respond to Plaintiffs' Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the School Board for violation of Title IX of the Education Amendments Act of 1972,[2] or any federal regulatory

---

[1] Plaintiffs improperly name "Youngsville Middle School" as a Defendant to this action. Parish school boards are bodies corporate with the power to sue and be sued (LA. R.S. 17:51). School boards serve in a policy making capacity, determine the number of schools to be open, the location of each school, and the number of teachers and other school personnel to be employed (LA. R.S. 17:81). Individual schools fall under the jurisdiction of local boards, are subject to those policies as are established by local school boards, and are not separate entities with the capacity to sue or be sued. As such, suit against Youngsville Middle School is improper. To avoid confusion all references to "School Board" refer to both the Lafayette Parish School Board and Youngsville Middle School, collectively.

[2] 20 U.S.C. § 1681 *et seq.*

-1-

provisions relative thereto; therefore, such claims against the School Board should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the School Board for violation of any laws of the State of Louisiana, whether under the Louisiana Civil Code Article 2315, 2320, or any other state law and/or regulatory provision; therefore, such claims against the School Board should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury on any state law claims against the School Board pursuant to the Louisiana Governmental Claims Act, LA. REV. STAT. 13:5105.

## FOURTH AFFIRMATIVE DEFENSE

The School Board is a political subdivision of the State of Louisiana and, therefore, claims the same governmental immunities and limitations of actions as may have existed at the time of the filing of the Complaint, now, or hereafter in the State of Louisiana for political subdivisions under the Louisiana Governmental Claims Act, LA. REV.STAT. 13:5101 *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

The School Board affirmatively avers that the Plaintiffs have not suffered damages for which the School Board is liable.

## SIXTH AFFIRMATIVE DEFENSE

The School Board affirmatively avers that the Plaintiffs have not suffered damages for which the School Board is liable that would entitle the Plaintiff to attorneys fees.

**SEVENTH AFFIRMATIVE DEFENSE**

While the School Board avers that Plaintiffs have suffered no damages as alleged in the Complaint or otherwise for which it is liable, the School Board alternatively and affirmatively avers that in the event it is determined that the Plaintiffs sustained injuries and/or damages, such were caused by factors outside of the School Board's control.

**EIGHTH AFFIRMATIVE DEFENSE**

While the School Board affirmatively avers that the Plaintiffs have not suffered damages for which the School Board is liable, the School Board would alternatively and affirmatively aver that the Plaintiffs were contributorily negligent and, thus, any alleged damages, if any, should be reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

While the School Board affirmatively avers that the Plaintiffs did not suffer damages for which the School Board is liable, the School Board would alternatively and affirmatively aver that the Plaintiffs failed in their respective duty to mitigate damages; therefore, any and all damages alleged to have been suffered by the Plaintiff were caused or aggravated by the Plaintiffs' actions or inactions and, thus, any alleged damages, if any, should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

While the School Board affirmatively avers that the Plaintiff did not suffer damages for which the School Board is liable, the School Board would alternatively and affirmatively aver that, in the event damages are awarded against the School Board, as a result of any claim presented therein, the School Board is entitled to and will seek contribution from others, including but not limited to the Plaintiffs or others whose actions or inactions were the cause of such damages.

### ELEVENTH AFFIRMATIVE DEFENSE

While the School Board avers that Plaintiffs have suffered no damages as alleged in the Complaint or otherwise for which it is liable, the School Board alternatively and affirmatively avers that in the event it is determined that Plaintiffs sustained injuries and/or damages, the School Board shows that the injuries and damages sustained by the Plaintiffs are substantially less than claimed.

### TWELFTH AFFIRMATIVE DEFENSE

The School Board avers that all actions taken by it and its employees relative to Plaintiff, K.G., were in accordance with and complied with the procedures required by the law and school board policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

The School Board was not deliberately indifferent with respect to any actions and/or inactions by it and its employees relative to Plaintiff, K.G. and/or Defendant student, G.E.

### FOURTEENTH AFFIRMATIVE DEFENSE

The incident as described by Plaintiff was not sufficiently severe, pervasive, and objectively offensive to bar access to education.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint has no basis in law or fact, and therefore Plaintiff has asserted a frivolous claim. As a result of Plaintiff's filing of this complaint, the School Board has been required to obtain the services of the undersigned attorneys and are entitled to receive from Plaintiff reasonable attorney's fees and costs incurred in and through the defense of this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

The School Board reserves the right to assert any additional or alternative defenses that may be discovered during the course of additional investigation or discovery.

# ANSWER

AND NOW, FURTHER ANSWERING, DEFENDANTS, LAFAYETTE PARISH SCHOOL BOARD AND YOUNGSVILLE MIDDLE SCHOOL (HEREINAFTER "SCHOOL BOARD"),[3] RESPOND TO EACH OF THE NUMBERED PARAGRAPHS IN PLAINTIFFS' COMPLAINT AS FOLLOWS:

1.

1. The School Board admits that it may be served through its Parish President, and would further aver that it is a school board organized under the laws of the State of Louisiana. The remaining allegations contained in Paragraph 1(1) are denied, as written.

2. The School Board admits that Youngsville Middle School is a school under the direction of the Lafayette Parish School Board. The allegation that the school may be served through its principal is denied. The remaining allegations contained in Paragraph 1(2) are denied, as written.

3. The School Board denies the allegations contained in Paragraph 1(3) for lack of sufficient information to justify a belief therein.

2.

The School Board admits that this Court has jurisdiction over the matters in controversy.

3.

The allegations contained in Paragraph 3 of the Complaint are denied.

4.

The School Board admits that on December 13, 2019, K.G. was a student at Youngsville Middle School.

---

[3] *See:* fn. 1.

5.

The allegations contained in Paragraph 5 of the Complaint are denied.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The School Board admits that K.G. reported an incident alleged to have occurred on or about December 13, 2019 to Youngsville Middle School on or about December 16, 2019.

9.

Pursuant to the Family Educational Rights and Privacy Act (FERPA)[4] the School Board cannot admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.

The School Board denies that K.G. was sexually assaulted at Youngsville Middle School. The remaining allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The School Board denies the allegations contained in Paragraph 11 for lack of sufficient information to justify a belief therein.

12.

The allegations in Paragraph 12 of the Complaint are denied.

---

[4] 20 U.S.C. § 1232g; 34 CFR Part 99.

13.

Pursuant to FERPA[5] the School Board cannot admit or deny the allegations relative to any actions taken with respect to G.E. The remaining allegations contained in Paragraph 13 of the Complaint are denied.

14.

The allegations in Paragraph 14 of the Complaint are denied.

15.

The allegations in Paragraph 15 of the Complaint are denied.

16.

The allegations in Paragraph 16 contain conclusions of law that do not require an answer; however, to the extent an answer is required, the allegations are denied.

17.

The allegations in Paragraph 17 contain conclusions of law that do not require an answer; however, to the extent an answer is required, the allegations are denied.

18.

The allegations in Paragraph 18 are denied.

19.

The allegations in Paragraph 19 are denied.

20.

The allegations in Paragraph 20 are denied.

21.

The allegation contained in Paragraph 21 are denied.

---

[5] *Id.*

22.

The allegations in Paragraph 22 of the Complaint are denied.

**WHEREFORE,** Defendants Lafayette Parish School Board and Youngsville Middle School pray that, after due proceedings be had, there be judgment entered herein in its favor and against Plaintiffs, dismissing Plaintiffs' complaint against the School Board, with prejudice, and for any and all other relief appropriate in the premises.

**RESPECTFULLY SUBMITTED:**

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, LA 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

*/s/ Melissa S. Losch*
**ROBERT L. HAMMONDS,** Bar No. 6484
Email: rhammonds@hamsil.com
**WAYNE T. STEWART**, Bar No. 30964
Email: wstewart@hamsil.com
**MELISSA S. LOSCH (TA)**, Bar No. 26811
Email: mlosch@hamsil.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 9th day of March, 2021

*/s/ Melissa S. Losch*
**MELISSA S. LOSCH**